**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

LABORERS' COMBINED FUNDS OF WESTERN PENNSYLVANIA, as agent for Philip Ameris, and Michael Facchiano, trustees ad litem, Laborers' District Council of Western Pennsylvania Welfare and Pension Funds, Western Pennsylvania Heavy & Highway Construction Advancement Fund, and the Laborers' District Council of Western Pennsylvania and its affiliated local unions,

Plaintiffs,

v.

WILLIAMS EXCAVATION, LLC and DAYNE WILLIAMS,

Defendants.

Civil Action No. 25-757

**MEMORANDUM ORDER**

Presently before the Court is the Motion for Alternative Service, (Docket No. 7), filed by Plaintiff Laborer's Combined Funds of Western Pennsylvania ("Plaintiff") in this matter. In its motion, Plaintiff seeks leave to serve process upon both Defendants, Williams Excavation, LLC ("Williams Excavation") and Dayne Williams ("Mr. Williams"), at a newly found address. For the following reasons, Plaintiff's motion will be granted as to the request for leave to serve process upon Mr. Williams at the newfound address, and the motion will be denied as to the request for leave to serve process upon Williams Excavation at that same address, without prejudice to the motion's renewal, if necessary.

Service of process is permitted under Rule 4(e)(1) of the Federal Rules of Civil Procedure by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Here, the

Pennsylvania Rules of Civil Procedure apply since this case is in the Western District of Pennsylvania. *See Miller v. Native Link Constr., L.L.C.*, Civ. A. No. 15-1605, 2016 WL 247008, at *1 (W.D. Pa. Jan. 21, 2016). Rule 430(a) of the Pennsylvania Rules of Civil Procedure provides, "If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service." District Courts in the Third Circuit have held that a plaintiff moving for alternative service under Rule 430(a) must establish three elements: "(1) a good faith effort to locate the defendant; (2) practical efforts to serve the defendant under the circumstances; and (3) a method of alternative service that is reasonably calculated to provide the defendant with notice." *Barbosa v. Dana Cap. Grp., Inc.*, Civ. Action No. 07-cv-1724, 2009 WL 902339, at *4 (E.D. Pa. Mar. 31, 2009).

*Alternative Service of Process Upon Mr. Williams*

With regard to Mr. Williams, the Court finds that the first element has been established here since Plaintiff has shown good faith efforts to locate him. Plaintiff's motion and supporting materials indicate that an unsuccessful attempt at service was made upon Mr. Williams on Wednesday, June 11, 2025, at 2:01 p.m., at the last known address for Williams Excavation, at 6025 Schafer Drive, New Kensington, Pennsylvania, 15068. (Docket Nos. 7, 7-2).[1] Plaintiff further shows that Mr. Williams and his wife purchased a new home, located at 212 Deer Drive, New Kensington, Pennsylvania, 15068, in January, 2025. (Docket Nos. 7, 7-4). Accordingly, Plaintiff now seeks leave to serve Mr. Williams at this newfound home address.

The Court also finds that the second element, the adequacy of Plaintiff's efforts to serve Mr. Williams under the circumstances, has been satisfied here. Once a defendant is located, the

[1] Attached to Plaintiff's motion is an Affidavit of Non-Service of Rebecca Thut-John, of Harris Investigations, LLC, who indicated therein that she made an unsuccessful attempt to serve Mr. Williams with process in this action. (Docket No. 7-2).

plaintiff "'must show that [it] has made practical efforts to *serve* [the defendant] under the circumstances,' but has been unable to do so." *Miller*, 2016 WL 247008, at *2 (quoting *Calabro v. Leiner*, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006) (emphasis in original)).  Moreover, the plaintiff "'bears the burden to show that these efforts were made.'" *Id.* (quoting *McFadden v. Weiss*, Civ. Action No. 13-2914, 2014 WL 5880097, at *4 (E.D. Pa. Nov. 13, 2014)).  Thus, courts in the Third Circuit have:

> "found a plaintiff's efforts to be sufficient when he or she has made six attempts at service,...or repeated attempts[,]...including a stake out....On the other hand, courts have found efforts to be insufficient where three attempts were made with two falling on the same day of the week and two occurring at the same time of day[,]...or when two attempts were made on consecutive days of the week with the first being made to a vacant office."

*Id.* (quoting *Viking Ins. Co. of Wis. v. Rivas*, Civ. Action No. 12-6899, 2013 WL 1842229, at *3 (E.D. Pa. May 1, 2013) (additional internal quotation marks and citations omitted)).

In this case, while Plaintiff, through a process server, attempted service on Mr. Williams on only one occasion, Plaintiff also indicates having learned that Mr. Williams purchased a new home in January, 2025, and Plaintiff now seeks leave to serve Mr. Williams at his newfound home address.  The Court finds that this is sufficient to satisfy the second element as to Mr. Williams.

Last, the Court finds that the third element has been met here, since the alternative means of service requested is reasonably calculated to provide Mr. Williams with notice of the proceedings against him.  Since Plaintiff has attached to its motion a deed showing that Mr. Williams and his wife purchased a home at the address at which Plaintiff now seeks to serve Mr. Williams, the Court finds that serving Mr. Williams at that address is reasonably calculated to provide him with such notice.

*Alternative Service of Process upon Williams Excavation*

Turning to whether the above-mentioned three elements have been met with regard to Williams Excavation, however, the Court reaches a different conclusion. Initially, the Court finds that the first element has not been established as to Williams Excavation. In describing Plaintiff's efforts to locate Williams Excavation, the motion only lists Williams Excavation's last known address, notes that Plaintiff used the Pennsylvania Office of Secretary of State to confirm Williams Excavation's current address, and states that Williams Excavation has no registered address. (Docket No. 7). When the attempt to serve process at Williams Excavation's last known address was unsuccessful, Plaintiff does not indicate that any further attempts were made to locate that Defendant.

Even if the Court were to conclude that Plaintiff had made good faith efforts to locate Williams Excavation, the Court also finds that the second element has not been satisfied. According to Plaintiff's motion, a process server attempted service on Williams Excavation at its last known address, at 6025 Schafer Drive, New Kensington, Pennsylvania, 15068, on only one occasion, on Wednesday, June 11, 2025 at 1:58 p.m. (Docket No. 7-2).[2] Although the process server indicated that the building seemed abandoned, construction materials were around, and a neighbor stated that they did not believe anyone had been at the property in months, such information alone does not demonstrate that Plaintiff's efforts overall to serve Williams Excavation have been adequate. (*Id.*). Moreover, Plaintiff does not demonstrate that any other efforts have been made to serve Williams Excavation, such as by making attempts at service on other occasions, at different times, on different days of the week, and over the course of more than one week (or, if additional attempts to locate Williams Excavation revealed another address,

[2] Attached to Plaintiff's motion is an Affidavit of Non-Service, signed by Rebecca Thut-John of Harris Investigations, LLC, who made the unsuccessful attempt to serve Williams Excavation with process, referenced, *supra*.

then attempts to serve it at that location). The Court therefore finds that Plaintiff has failed to meet its burden of showing that it has undertaken practical efforts to serve Mr. Williams under the circumstances here.

Finally, the Court finds that Plaintiff has not established the third element, that the alternative means of service requested is reasonably calculated to provide Williams Excavation with notice of the proceedings against it. While Plaintiff seeks leave to serve Williams Excavation at Mr. Williams' newfound home address, Plaintiff's motion and supporting materials do not establish that Mr. Williams can accept service on behalf of Williams Excavation. Furthermore, the Court advises Plaintiff that it must establish all three elements (as discussed, *supra*) if it seeks leave to serve Williams Excavation by alternative service in the future.

As such, Plaintiff's motion will granted as to the request for leave to make alternative service upon Mr. Williams, and the motion will be denied as to the request for leave to make alternative service upon Williams Excavation, without prejudice to the motion's renewal, if necessary, as more specifically set forth below.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 4th day of November, 2025, for the reasons set forth above,

IT IS HEREBY ORDERED that Plaintiff's Motion for Alternative Service, (Docket No. 7), is GRANTED IN PART AND DENIED IN PART. Specifically, the motion is GRANTED as to Plaintiff's request for leave to serve Mr. Williams with process at his newly found address,

and the motion is DENIED as to Plaintiff's request to serve Williams Excavation with process at that same address, WITHOUT PREJUDICE to the motion's renewal, if necessary.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record